## Wanamaker v. Morris, Appellant.

*Bailments—Bailment lease of piano—Amount due—Trial by court without jury—Waiver of appeal.*

An agreement to submit the issue, as to the amount due under a bailment lease for a piano, to the judgment of the court, to be tried without a jury, and waiving the right of appeal, is binding.

Where, having submitted to such procedure, a judgment is given against the defendant the latter cannot afterwards appeal in contradiction to the stipulation entered into between the parties.

Argued October 23, 1919. Appeal, No. 161, October T., 1919, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1918, No. 391, in favor of plaintiff in case tried by the court without a jury in the suit of John Wanamaker v. Cora V. Morris. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Replevin for a piano. Before WESSEL, J., without a jury.

The opinion of the Superior Court states the case.

The court found that the balance due the plaintiff was $419.75, with costs of $31.50. Defendant appealed.

*Errors assigned* were various findings of fact.

*Charles L. Smyth,* for appellant.

*William L. Nevin* and *George Sterner,* for appellee.

OPINION BY ORLADY, P. J., December 10, 1919:

In this case, by a bailment lease executed May 20, 1911, John Wanamaker, Philadelphia, leased to Miss Cora V. Morris, an Emerson-Angelus player-piano and bench, valued at $750. Payments were made under the terms of the lease until May 21, 1918, when the defendant was in arrears for a number of payments and this proceeding in replevin was instituted. The only controversy was as to the amount due under the provisions of the lease. Both parties were anxious to speed the disposition of the case, and, to effect this, counsel agreed by a stipulation filed, viz, "the case shall be tried by a judge without a jury; the court shall determine the amount of the balance remaining unpaid under the terms of the contract; the liability for costs and the amount thereof; fix the time for payment of the amount found to be payable, if any; and if the defendant neglects to pay the amount found to be payable within the time fixed by the court, the defendant to be barred from making any further claim or defense in the proceeding." When the time was fixed for hearing the parties met with the trial judge at chambers, and the stipulation theretofore made was supplemented by an agreement "That there shall be no findings of fact or conclusion of law filed in this case. The case shall be heard by the judge without a jury, and

he shall merely file the findings as to the amount owing by the defendant to the plaintiff. All parties waive the right to appeal." The parties thus selected their forum, and provided specifically that the findings of fact by the trial judge should be final and without appeal.

The testimony sent up with the record shows that the subject-matter of controversy was fully investigated, and every opportunity given the defendant to investigate the accounts and books of the plaintiff by accredited accountants. After a full hearing, and an opportunity of seeing the witnesses face to face, the trial judge in accordance with the stipulation, determined "the balance remaining unpaid under the contract to be $419.75, with $31.50 costs. The amount to be paid by the defendant to the plaintiff within sixty days from that date, October 28, 1918, and upon the payment of that sum within the time stated, and the delivery to the defendant of the property involved in the issue, defendant's and plaintiff's counsel shall mark the above cases settled and discontinued and judgment satisfied."

Ignoring the terms of the written stipulation, the defendant filed exceptions to the findings of fact, when after further hearing they were dismissed, and a rule for a new trial discharged.

The controversy of defendant's counsel with the trial judge is entirely without merit, the record clearly showing that the defendant had every opportunity of developing her side of the case. And the testimony as clearly shows, that the conclusion reached by the trial judge was fully warranted.

The defendant has no reasonable ground for complaint; no legal right to appeal, and there was no abuse of discretion in confining the examination to the terms agreed upon by counsel. The dispute was purely one of fact which was rightly decided by the tribunal selected by the parties.

The assignments are dismissed and the judgment is affirmed.